UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WHITNEY EATMON, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Cause No. 1:18-cv-00179-HAB-SLC |
| | ) |
| CITY OF FORT WAYNE ANIMAL | ) |
| CARE AND CONTROL, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a letter from *pro se* Plaintiff Whitney Eatmon, filed on September 12, 2019, requesting that the Court appoint her counsel in this matter. (ECF 28) As Eatmon explains in her letter, she has attempted to but has been unable to retain private counsel. *Id.* Even though Eatmon's letter is not entitled as such, the Court will treat it as a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e). *See United States v. Finazo*, 841 F.3d 816, 818 (9th Cir. 2016).

### A. Legal Standard

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). At least as an initial matter, then, the Court must determine that the moving party is unable to afford private counsel. *See Hairston v. Blackburn*, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010) ("[A] proceeding in *forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)."); *Jackson v. Police's Annuity & Benefit Fund*, No. 97-c-7438, 1997 WL 736722, at *1 (N.D. Ill. Nov. 17, 1997) ("This Court cannot break the

operative rules that provide for representation of 'any person unable to afford counsel' (28 U.S.C. § 1915(e)(1)), a standard that is linked by *id.* § 1915(e)(2) to a showing of 'poverty.'").

Even if the moving party is able to show that she is unable to afford counsel, the inquiry does not necessarily end. The Seventh Circuit Court of Appeals has instructed that the following factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. Finally, in conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

### B. Analysis

As an initial matter, Eatmon has not made a showing that she is unable to afford counsel. In her letter to the Court, she represents that she has not only attempted to retain counsel from charitable and legal aid services, but from private attorneys as well. (ECF 28). Further, Eatmon was previously represented by private counsel in this matter. (*See* ECF 4, 12). Finally, Eatmon has not moved to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). As such, there is no

evidence that Eatmon is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1). The Court could end its analysis here, but for the purpose of completeness will also address the two inquiries laid out in *Pruitt*.

Regarding the first inquiry, Eatmon appears to have made a reasonable attempt to find an attorney. As she relays in her letter, Eatmon spoke with at least a former judge, the Indiana University Maurer School of Law, the public defender's office, a "local legal line, [the] Bar [sic] association, and Christian Legal help." (ECF 28). She also reached out to private attorneys, but according her letter, none "will take a federal case, or someone going against the city." *Id.* In determining whether to appoint counsel, this Court has required a *pro se* plaintiff to contact at least three attorneys. *See Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). Here, Eatmon appears to have done at least as much. As such, the Court finds that Eatmon has made a reasonable attempt to find an attorney.

Eatmon's request, however, fails under the second prong of *Pruitt*, at least at this stage. In general, the relative needs for counsel change depending on the stage of the litigation at issue. *See Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015) ("Those considerations change as a case progresses to discovery or trial. Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se [sic] litigants to successfully carry out."). Currently pending before the Court is a motion to enforce a proposed settlement agreement in this case. (ECF 20). "A settlement agreement is merely a contract between the parties to the litigation, wherein generally the defendants promise some partial remedy in exchange for the plaintiff's promise to dismiss the case and release the defendants from any future liability for their conduct that formed the basis of the dispute." *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). Further, "the formation, construction, and

enforceability of a settlement agreement is governed by local contract law." *Id.*

Therefore, the key issue currently pending before the Court is the relatively straightforward matter of whether an enforceable contract was entered into among the parties here under Indiana law. Because presumably any relevant communications would be in Eatmon's or her former counsel's possession, the Court does not predict that Eatmon would need to engage in extensive factual investigation to resolve this issue. Further, Eatmon in her communications with the Court has noted that she has access to legal material to help prepare a response to Defendant's motion. (*See* ECF 27, 28). The Court also finds that Eatmon appears competent to adequately represent herself. She has appeared before the Court now two times without counsel and has demonstrated adequate communication skills. (ECF 24, 26). Finally, as seen by her pending request for an extension of time to respond (ECF 27), Eatmon seems to have at least a basic understanding of the importance of deadlines and following her case. As such, the Court finds that issues currently pending before the court do not necessitate the recruitment of counsel.

## C. Conclusion

In sum, Eatmon is not proceeding *in forma pauperis* and appears competent and capable of representing herself at least at this stage of her case. As such, Eatmon's request for Court-appointed counsel (ECF 28) is DENIED.

SO ORDERED.

Entered this 18th day of September 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge