UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WHITNEY EATMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-00179-HAB-SLC |
| ) | |
| CITY OF FORT WAYNE ANIMAL ) | |
| CARE AND CONTROL, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Before the Court is a motion to enforce settlement agreement filed by Defendant City of Fort Wayne Animal Care and Control on June 18, 2019.  (ECF 20).  In support of the motion, Defendant attached two supporting affidavits (ECF 20-1; ECF 20-2) and filed a memorandum in support thereof (ECF 21).  Plaintiff Whitney Eatmon has not responded to the motion, and her time to do so has now passed.  N.D. Ind. L.R. 7-1(d)(3)(A).  The District Judge subsequently referred this matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1.  (ECF 31).  For the following reasons, I recommend that Defendant's motion (ECF 20) be granted.

*A.  Background*

On May 15, 2018, Plaintiff, through counsel, filed a state court complaint against Defendant alleging Defendant discriminated against and terminated her on the basis of her race in violation of 42 U.S.C. § 1981.  (ECF 4).  Defendant subsequently removed the matter to this Court.  (ECF 1).

On June 3, 2019, Plaintiff's attorney moved to withdraw citing an irreparable breakdown of the attorney-client relationship. (ECF 14). Before the Court held a hearing on the motion to withdraw, Defendant filed the present motion on June 18, 2019. (ECF 20). On June 19, 2019, the Court held a hearing, granted the motion to withdraw, and stayed the case for thirty days to allow Plaintiff time to retain new counsel. (ECF 22). On July 18, 2019, the Court extended the stay for another thirty days upon Plaintiff's request. (ECF 24).

On August 20, 2019, the Court held a status conference where Plaintiff stated she was unable to retain new counsel. (ECF 26). The Court lifted the stay and ordered Plaintiff to file a response to the motion to enforce within fourteen days. (ECF 26). On September 6, 2019, two days after the deadline to respond had passed, Plaintiff filed a motion for an extension of time to respond to the motion to enforce, noting that she was still attempting to retain new counsel. (ECF 27). On September 12, 2019, however, Plaintiff filed a letter to the Court stating that she had been unable to retain private counsel and requesting that the Court recruit counsel on her behalf. (ECF 28). The Court denied Plaintiff's request to recruit counsel (ECF 29), but granted her an extension to otherwise respond *pro se* to the current motion, affording her to and including October 8, 2019, to do so (ECF 30). As mentioned, Plaintiff has still not filed her response, and her time to do so has now passed.

In its memorandum in support of its motion, Defendant argues that Plaintiff authorized her former counsel to enter into a contract on her behalf to settle this matter, and that counsel did in fact enter into a contract, with Plaintiff's approval, agreeing to settle this case for $1,750. (ECF 21 at 1). In support of its argument, Defendant provides two email chains. The first is an April 30, 2019, email exchange between one of Defendant's attorneys, Tim Manges, and one of Plaintiff's former attorneys, Christopher Myers. (ECF 20-1, Ex. A). Attorney Manges's first

2

email states that "[The City Attorney for the City of Fort Wayne] says $1,750.  Final." *Id.* Attorney Myers then responded, "Accepted.  Thanks." *Id.* The second is a May 30, 2019, email from Lori Jansen, one of Plaintiff's former attorneys, to Rachel Guin, another attorney for Defendant, asserting that Plaintiff gave Attorney Myers permission to negotiate a settlement for "any amount."  (ECF 20-2, Ex. A).

### *B.  Legal Standard*

In general, a party moving to enforce an alleged settlement agreement bears the burden of establishing that the essential elements to a valid settlement agreement exist.  *Hyde Park Union Church v. Curry*, 942 F. Supp. 360, 363-64 (N.D. Ill. 1996).  "A settlement agreement is merely a contract between the parties to the litigation, wherein generally the defendants promise some partial remedy in exchange for the plaintiff's promise to dismiss the case and release the defendants from any future liability for their conduct that formed the basis of the dispute."  *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996).  Further, "the formation, construction, and enforceability of a settlement agreement is governed by local contract law."  *Id.*  As such, Indiana law applies here.[1]

Under Indiana law, a principal can be bound by a valid contract entered into on her behalf by her agent, if her agent was acting with the proper authority.  As the Seventh Circuit Court of Appeals has noted:

> Under general principles of Indiana agency and contract law, a principal will be bound by a contract entered into by the principal's agent on [her] behalf only if the agent had actual or apparent authority to bind [her] . . . .  Actual authority exists where the principal has in fact authorized the agent to enter into such a

---

[1]To the extent that Plaintiff may argue that Indiana contract law is inapplicable under Indiana choice of law principles, the point is mistaken.  Under Indiana law, "[t]he court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of that state with which the facts are in most intimate contact."  *N. Assurance Co. of Am. v. Thomson, Inc.*, 996 N.E.2d 785, 797 (Ind. Ct. App. 2013).  Here, the alleged contract is between parties based in Indiana and concerned the dismissal of the present case pending in Indiana.  As such, Indiana is clearly "the state with which the facts are in most intimate contact."  *Id.*

3

> contract on behalf of the principal. This authorization may be expressly conveyed orally or in writing, or it may be implied by actions of the principal that would lead a reasonable agent to believe that he possessed such authority.

*Id.* (internal citations omitted); *see also Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 888 (Ind. Ct. App. 2002) ("In general, a principal will be bound by a contract entered into by the principal's agent on [her] behalf only if the agent had the authority to bind [her]. . . . Authority . . . exists where the actions of the principal give the contracting party the reasonable impression that the agent is authorized to enter into an agreement on behalf of the principal." (internal citations omitted)). Still more, "[a]n attorney representing a party during litigation may have apparent authority to bind his client to a settlement agreement." *Scott v. Randle*, 697 N.E.2d 60, 67 (Ind. Ct. App. 1998) ("[W]hen a party places an agent in the position of sole negotiator on [her] behalf, it may be reasonable for the third person to believe that the agent possesses authority to act for the principal. In such instance, the conduct of the principal constitutes the requisite manifestation or communication, although indirect.").

Further, "'[s]ettlement agreements are governed by the same general principles of contract law as any other agreement,' and thus '[a]n offer, acceptance, plus consideration'" are required. *Johnson v. Masselli*, No. 2:07 CV 214 PPS, 2008 WL 73652, at *3 (N.D. Ind. Jan. 2, 2008) (second alteration in original) (citing *Zimmerman v. McColley*, 826 N.E.2d 71, 76 (Ind. Ct. App. 2005)). In order to find a valid settlement agreement, the Court must determine whether there was a "meeting of the minds" by referring not to "the parties' subjective intents but their outward manifestation of it." *Id.* (citing *Zimmerman*, 826 N.E.2d at 77). Once an agreement is reached, "[a] party to a settlement cannot avoid the agreement merely because [she] subsequently believes the settlement insufficient . . . ." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986). Moreover, a party who has previously authorized a settlement remains bound by

4

its terms even if she changes her mind. *Id.* at 454-55. As such, a party's later unhappiness with a settlement is "neither here nor there." *Allen v. Dana*, No. 1:10-cv-281 PPS-RBC, 2011 WL 3163232, at *2 (N.D. Ind. July 26, 2011).

*C. Analysis*

Here, even based on the limited record before the Court, it is clear that Plaintiff's former counsel had actual authority to, and did in fact, enter into a valid settlement agreement on Plaintiff's behalf. As seen by the May 30, 2019, email, Plaintiff gave her former attorney Christopher Myers actual authority to enter into a settlement agreement in this case. (ECF 20-2, Ex. A). Additionally, as Attorney Myers initiated and represented Plaintiff throughout this matter with Plaintiff's tacit approval, it was reasonable for Defendant to believe that he had authority to enter into a settlement agreement. As such, Attorney Myers also had apparent authority to settle this case.

Further, as seen in the April 30, 2019, email exchange, there was an offer to settle this case. (ECF 20-1, Ex. A ("[The City Attorney] says $1,750. Final.")). There was also an unambiguous acceptance of this offer. *Id.* ("Accepted. Thanks."). While the email exchange was terse, Indiana courts have held that brief conversations like the one at issue here can constitute an enforceable contract. *See Zimmerman*, 826 N.E.2d at 77 (finding an enforceable oral contract to settle was formed when one party responded "we'll take it" to the other party's verbal offer to settle). As such, there was a clear "meeting of the minds" as to the resolution of this matter.

In any event, Plaintiff has not filed any response contesting Defendant's characterization of the evidence and therefore has waived any argument to the contrary. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in

5

waiver"). As a result, Defendant has sustained its burden of showing the necessary elements of a contract under Indiana law.

### *D. Conclusion*

In sum, I CONCLUDE that Defendant has met its burden of showing the existence of a valid settlement agreement in this case. I therefore RECOMMEND that Defendant's motion to enforce (ECF 20) be GRANTED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Defendant and to *pro se* Plaintiff. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

Entered this 20th day of November 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge