# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

WHITNEY EATMON,

    Plaintiff,

v.                                 CAUSE NO.: 1:18-CV-179-HAB-SLC

CITY OF FORT WAYNE ANIMAL
CARE AND CONTROL,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation [ECF No. 32] of Magistrate Judge Susan L. Collins, recommending that the Court grant the Motion to Enforce Settlement Agreement [ECF No. 20], filed by Defendant City of Fort Wayne Animal Care and Control.

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

The statute permits objections to the magistrate judge's report and recommendations to be made within fourteen days of service of a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a magistrate judge's report and recommendation and the district court's resolution of any objections).

As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed. Having reviewed the Report and Recommendation prepared by Magistrate Judge Collins, the Court ADOPTS the Report and Recommendation [ECF No. 32] and ACCEPTS the recommended disposition

**ANALYSIS**

On May 15, 2018, Plaintiff Whitney Eatmon, through her counsel, Christopher Myers, filed a Complaint in state court. She alleged that her former employer, City of Fort Wayne Animal Care and Control, discriminated against her and terminated her employment on the basis of her race in violation of 42 U.S.C. §§ 1981 & 1988.

Whether parties have entered into an enforceable settlement of a federal claim is governed by ordinary state law contract principles. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). The basic requirements of a contract include offer, acceptance, consideration, and a "meeting of the minds." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011). In determining the parties' mutual intent, the court looks to "the final expression found in conduct." *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005) (enforcing oral settlement agreement in personal injury case). Intent is a factual matter to be determined by all the circumstances. *Id.* Indiana does not require that settlement agreements be in writing. *See M.H. Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 756 (Ind. Ct. App. 2010); *see also Pohl v. United Airlines, Inc.*, 110 F. Supp. 2d 829, 837 (S.D. Ind. 1999) ("Oral settlement agreements are no different [than] any other oral contract. Indiana law recognizes that two parties may reach an oral, binding

settlement agreement."). "While some litigants believe that 'they can change their mind at any time before they actually sign the settlement agreement, that perception is often unfounded in the law.'" *Jonas v. State Farm Life Ins. Co.*, 52 N.E.3d 861, 868 (Ind. Ct. App. 2016) (quoting *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000) (brackets omitted)); *see also Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) ("Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement.").

The evidence in support of enforcing the settlement consists of affidavits and email chains. The evidence shows that Defendant, through its counsel, offered $1,750 in settlement of Plaintiffs' claims, and that Plaintiff's lawyer accepted the offer. The evidence also establishes that Plaintiff gave her lawyer authority to negotiate her settlement.

As stated in the Report and Recommendation, the filings were sufficient to show that Plaintiff's counsel had actual authority to enter a settlement agreement on her behalf when he accepted Defendant's emailed offer of $1,750 in settlement of Plaintiff's claims. Additionally, because counsel initiated the litigation and represented Plaintiff leading up to the settlement offer and acceptance, it was reasonable for Defendant to believe that counsel had such authority. Applying Indiana state contract principles, the Court agrees that there is one interpretation of the agreement the parties reached. Defendant offered to settle Plaintiff's claims in this litigation for $1,750. Plaintiff, through her counsel,

3

accepted the offer. By all outward manifestations, the parties understood that Defendant would pay Plaintiff $1,750 for resolution of the claims she asserted in her Complaint.

As noted in the Report and Recommendation, Plaintiff has not submitted a response disputing that she gave her attorney authority to settle her claim or otherwise contesting the characterization of the evidence. Likewise, she has not submitted an objection to the Report and Recommendation.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 32] and GRANTS Defendant's Motion to Enforce Settlement Agreement [ECF No. 20]. Defendant is ordered to deliver the agreed sum to the Clerk of Court and to notify the Court that such delivery has been made. Once receiving such notice, the Court will then dismiss this case with prejudice, each party to bear its own costs. Distribution of the sums to Plaintiff and to her previously retained counsel of record will be determined in supplemental proceedings before the Magistrate Judge.

SO ORDERED on December 10, 2019.

                                  s/ *Holly A. Brady*
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT